IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3098-D

ANTHONY JERARD JOYE,                )
                                    )
                    Plaintiff,      )
                                    )
        v.                          )       **ORDER**
                                    )
UNITED STATES, and UNITED           )
STATES ATTORNEY GENERAL,            )
                                    )
                    Defendants.     )

On June 5, 2017, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 13] and recommended that the court dismiss without prejudice Anthony Jerard Joye's complaint brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680. See [D.E. 13]. Specifically, the M&R concluded that Joye first must obtain a certificate of actual innocence from his sentencing court and then file his claim for damages for an unjust conviction in the United States Court of Federal Claims. See id.; 28 U.S.C. §§ 1495, 2513; United States v. Mills, 773 F.3d 563, 567–71 (4th Cir. 2014); United States v. Graham, 608 F.3d 164, 171 (4th Cir. 2010); Crowder v. United States, No. 5:14-CT-3133-F, 2014 WL 7011005, at *2 (E.D.N.C. Dec. 11, 2014) (unpublished). No party objected to the M&R.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R and the record. The court is satisfied that there is no clear error on the face of the record. Accordingly, the court adopts the conclusions in the M&R [D.E. 13].

On June 21, 2017, Joye moved to transfer this action to the United States Court of Federal Claims [D.E. 14]. Joye may not proceed with his FTCA claim until he obtains a certificate of actual innocence from his sentencing court. See Crowder, 2014 WL 7011005, at *2. Accordingly, the court denies without prejudice the motion to transfer. Joye also asks for a certificate of actual innocence. The undersigned did not sentence Joye, and denies without prejudice that request. Joye may make the request to the Honorable W. Earl Britt, who sentenced Joye.

In sum, the court adopts the conclusions in the M&R [D.E. 13]. Joye's motion to transfer [D.E. 14] is DENIED without prejudice, and his complaint is DISMISSED without prejudice. The clerk shall docket Joye's June 21, 2017 filing as a motion for the issuance of a certificate of actual innocence under to 28 U.S.C. § 2513 in Joye's criminal case, United States v. Joye, No. 7:08-CR-82-BR-1 (E.D.N.C.). The clerk shall close this case.

SO ORDERED. This 10 day of October 2017.

JAMES C. DEVER III
Chief United States District Judge